IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:12-CR-397-1 |
| | ) | |
| EVELYN FULLER, | ) | |
| | ) | |
| Defendant. | ) | |

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:12-CR-397-2 |
| | ) | |
| MICHAEL MCLEAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

This matter is before the Court on "Petition to Amend Restitution Judgment and Memorandum in Support," filed by April Baynes. (Doc. 40.) Ms. Baynes contends that she was a victim of the offenses to which defendants Evelyn Fuller and Michael McLean pled guilty and that her claim for restitution was not properly presented to the Court during sentencing proceedings. She asks the Court to reconsider the restitution it ordered as part of each defendant's sentence. Counsel for each defendant was appointed in connection with the petition, and the Court received and considered briefs for the defendants and for the government. Because Ms. Baynes does not qualify as a victim for whom restitution is appropriate under the Mandatory Victims Restitution Act, the Court will deny the petition.

Ms. Fuller and Mr. McLean each pled guilty to one count of conspiracy to commit health care fraud pursuant to 18 U.S.C. § 1349, and two counts of health care fraud and aiding and

abetting the same pursuant to 18 U.S.C. §§ 2, 1347(a)(2). (*See* Docs. 38, 39.) Both defendants were ordered to pay restitution to the North Carolina Medicaid Program as part of their sentences. (*See* Doc. 38 at 5; Doc. 39 at 5.)

Ms. Baynes was employed by Harvest House, the organization through which Ms. Fuller and Mr. McLean perpetrated their health care fraud scheme. (Doc. 40-1 at 1.) Ms. Baynes contends that her employment was terminated when she reported the scheme to the authorities. (*Id.*) She seeks restitution for lost income caused by her termination, lost potential income caused by her inability to find another job in a mental health or group home facility, and income lost as a result of missing work for interviews with Medicaid officials, social workers, doctors, and law enforcement officials during the investigation. (*Id.* at 1-2.)

The Mandatory Victims Restitution Act provides that a sentencing court "shall order" defendants convicted of certain crimes to "make restitution to the victim of the offense."[1] 18 U.S.C. § 3663A(a)(1). A victim is a "person directly and proximately harmed" by the commission of the offense, "including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." *Id.* § 3663A(a)(2). For a person to be considered a victim, "the act that harms the individual must be either conduct underlying an element of the offense of conviction, or an act taken in furtherance

---

[1] As an initial matter, the Court rejects the defendants' contention that Ms. Baynes' request is untimely under 18 U.S.C. § 3664(d)(5). (*See* Doc. 49 at 6.) Although the timing and procedural posture of this request is unique, the Supreme Court has made clear that § 3664(d)(5) does not impose a deadline for victims' requests or deprive the court of the power to order restitution more than ninety days after sentencing. *Dolan v. United States*, 560 U.S. 605, 611-14 (2010) ("[T]he Act's efforts to secure speedy determination of restitution is primarily designed to help victims of crime secure prompt restitution rather than to provide defendants with certainty as to the amount of their liability." (emphasis omitted)).

2

of a scheme, conspiracy, or pattern of criminal activity that is specifically included as an element of the offense of conviction." *United States v. Blake*, 81 F.3d 498, 506 (4th Cir. 1996) (construing definition of "victim" in Victim and Witness Protection Act); *see United States v. Davenport*, 445 F.3d 366, 374 & n.4 (4th Cir. 2006) (applying *Blake* standard to MVRA), *abrogated on other grounds by Irizarry v. United States*, 553 U.S. 708 (2008).

Ms. Baynes is not a victim under the MVRA. The offense at issue, health care fraud, makes it a crime to knowingly execute a scheme to obtain by false means any property belonging to a health care benefit program. *See* 18 U.S.C. § 1347(a)(2). The clear victim of such a scheme is the health care benefit program itself: in this case, Medicaid. The first two harms Ms. Baynes alleges—lost income and lost potential income—were caused by her termination, which was not an act taken by the defendants in furtherance of their scheme to defraud Medicaid. *Cf. In re McNulty*, 597 F.3d 344, 352 (6th Cir. 2010) (holding fired and blackballed employee was not victim of Sherman Act conspiracy under the analogous Crime Victims' Rights Act); *see id.* at 350 n.6 (applying MVRA and VWPA standards to CVRA victim determination); *cf. United States v. Follieri*, No. 08 Cr. 850(JGK), 2009 WL 151725, at *1 (S.D.N.Y. Jan. 21, 2009) (holding former employees who stopped receiving salaries following defendant's wire fraud conspiracy were not MVRA victims).

The final kind of lost income alleged resulted when Ms. Baynes missed work to meet with "various Medicaid officials, social service workers, doctors, and law enforcement officials." (Doc. 40-1 at 2.) This lost income was not caused by anything the defendants did to further their scheme. Though § 3663A(b)(4) separately authorizes restitution for a victim's lost income incurred during participation in an investigation, Ms. Baynes cannot avail herself of this provision because she does not meet the statutory definition of a "victim." *See, e.g.*, *United*

*States v. French*, 357 F. App'x 177, 179 (10th Cir. 2009) (noting status as victim must be established to trigger § 3663A(b)(4)).

The Court has no reason to doubt that Ms. Baynes was harmed by her proximity to the criminal conduct of the defendants, financially and otherwise. Indeed, it is often the case that criminal conduct hurts many people who fall outside the traditional definition of "victim," especially family members of defendants and, as here, employees of defendants. However, such persons are not entitled to restitution unless they meet the statutory definition, which is not the case here.

It is therefore **ORDERED** that Ms. Baynes's petition, (Doc. 40), is **DENIED**.

This the 19th day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE

4